# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v.          ) | **2:00-CR-00422-CLS-TMP** |
| ) | |
| **ERIC ROBERT RUDOLPH,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## REPLY TO REQUEST FOR HEARING

Comes Now the United States of America, by and through Joyce White Vance, United States Attorney and files this reply to the Request for Hearing and Transfer for purposes of Hearing filed by the defendant on March 26, 2013. In reply to said request, the United States states unto the court as follows:

1. The Application for Writ of Execution and Writ of Execution were filed on March 11, 2013. The Clerk's Notice of Post-Judgment Execution was issued on the same day. (See Doc. 576-578).

2. On March 26, 2013, the defendant filed a letter with the Court in which he "requests a hearing to contest the seizure of money currently held by Lulu

Press, Inc. Defendant also requests that the hearing be transferred to United States District Court in the Denver, Colorado."

3. 28 U.S.C. § 3202(d) covers hearings for this type of action:

> **(d) Hearing.**--By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited--
> > **(1)** to the probable validity of any claim of exemption by the judgment debtor;
> > **(2)** to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> > **(3)** if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
> > > **(A)** the probable validity of the claim for the debt which is merged in the judgment; and
> > > **(B)** the existence of good cause for setting aside such judgment.
> This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

4. The Federal Debt Collection Procedures Act provides that, upon request, a court "shall hold a hearing" on "the probable validity of any claim of exemption by the judgment debtor." 28 U.S.C. 3202(d)(1). *U.S. ex rel. Doe*

*v. Acculab Laboratories, Inc*.  Not Reported in F.Supp.2d,  2011 WL 3420850, M.D.Fla.,2011. August 04, 2011.

5. In this instance, the Defendant has not claimed any exemptions to the Writ of Execution, nor has the Defendant challenged compliance with the statutory requirement for the issuance of the post judgment remedy. Furthermore, the restitution owed is "not a judgment by default" but a judgment with which the Defendant agreed to in the Plea agreement signed on April 4, 2005. (Doc 537 Plea Agreement Pg. 2 para. 4).  Defendant further acknowledges in his plea agreement that he "hereby assigns to the victims, as part of such restitution, any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of any information relating to illegal conduct alleged in the Indictment and the Statement of Facts attached hereto."  (Id.)

Wherefore, the aforementioned considered, the United States respectfully requests the Court deny the Defendant a hearing on the matter, and allow the Writ of Execution to proceed.

Respectfully submitted this the 8th day of April, 2013.

>JOYCE WHITE VANCE
>UNITED STATES ATTORNEY
>
>/s/ Lane Hines Woodke
>LANE HINES WOODKE
>Assistant United States Attorney

**Certificate of Service**

    I hereby certify that on April 8, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the parties of record.  Furthermore, I served the foregoing document, by mailing a copy, postage pre-paid, to the following parties not listed on the CM/ECF system for this case:

Greg A Feder
Lulu Press, Inc.
3101 Hillsborough Street
Raleigh, NC 27607

Eric Robert Rudolph #18282-058
Florence Admax USP
P.O.Box 8500
Florence, CO 81226

>s/ Lane  Woodke
>Lane Woodke