UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA
PLAINTIFF

V.                    NO. CR
                      2:00CV-8024-CLS

ERIC ROBERT RUDOLPH
DEFENDANT

DEFENDANT'S PRO-SE MOTION
TO VACATE HIS 924(c)
SENTENCE PURSUANT TO 28 USC 2255
IN LIGHT OF U.S. v. DAVIS
139 S.CT 2318 (2019)

INTRODUCTION:

On April 13, 2005, Mr. Rudolph pleaded guilty to count ONE: maliciously damaging a building and property resulting in death and personal injury, in violation of 18 USC 844(i). He also pleaded guilty to count TWO: use of a destructive device during and in relation to a crime of violence, in violation of 18 USC 924(c), which the 924(c) is tied to the 844(i) count. Mr. Rudolph was sentenced to consecutive sentences of life on each count. However, the Supreme Court has ruled in Davis 139 S.CT 2119 (2018) that the residual clause of 18 USC 924(c) is unconstitutionally vague in violation of the Fifth Amendment right to due process. Consequently, Mr. Rudolph's life sentence must be vacated in

-1-

Count TWO. Mr. Rudolph's life sentence in Count ONE, under the sentence package doctrine, must likewise be vacated, because 18 USC 844(i) sentencing under the categorical approach no longer constitutes a crime of violence.

### JURISDICTION

This is Mr. Rudolph's first 28 USC 2255 Motion. This court has jurisdiction under 28 USC 2255(a) as Mr. Rudolph is held in custody as a result of sentences imposed by this court, a sentence that now violates the Constitution.

### STATEMENT OF FACTS

1. On or about July 2003, the Grand Jury returned an indictment in the Northern District of Alabama pursuant to 18 USC 844(i) Count ONE, and 18 USC 924(c) Count TWO.
2. On April 13, 2005, Mr. Rudolph pled guilty to both counts and was subsequently sentenced to two life sentences.
3. The Defendant's waiver not to file a motion under 28 USC 2255 in his plea agreement is not enforceable based on a retroactive new change of law pursuant to Davis.
4. Mr. Rudolph did't agree to serve

-2-

sentence maintained in violation of the U.S. Constitution. The sentence imposed under the plea agreement cannot be maintained under Davis. Count Two should be vacated. Count One should be resentenced in light of the sentence package doctrine.

### BASIS FOR RELIEF

Under 28 USC 2255 a petitioner is entitled to resentencing when his original sentence was in excess of the maximum authorized by law or was imposed in violation of the Constitution or laws of the United States. 28 USC 2255(a). Mr. Rudolph qualifies for relief pursuant to U.S. v. Davis, 139 S.CT 2319 (2019).

### DAVIS IS RETROACTIVE

Davis is a substantive ruling that under the exceptions in Teague announced a new rule and decision of constitutional law that was previously unavailable to Mr. Rudolph. In Davis the Supreme Court applied and extended the same analysis presented in Johnson II in concluding that the definition of a crime of violence in 18 USC 924(c)(3)(b) was unconstitutionally vague. (39 S.CT

-3-

2118 (2018). *Davis* does not expressly address whether the rule is retroactive, but a rule invalidating a Federal statute as unconstitutionally vague is a substantive ruling of constitutional law that has necessarily been made retroactive to cases on collateral review, as was true in *Johnson*. See *Welch*, 136 S.Ct. 1265. C.F. *Tyler v. Cain* 533 U.S. 666 (Recognizing that the Supreme Court can make a new rule retroactive, without saying so explicitly.)

## 18 USC 924(c)

Section 924(c) defines a crime of violence in two ways, both appearing in subsection (c)(3). For the purposes of the subsection, the term crime of violence means an offense that is a felony, and;

(a) has as an element the use or attempted use or threatened use of physical force against the person or property of another, or

(b) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the

-4-

course of committing the offense.

The first clause in paragraph (a) above is commonly referred to as the elements clause. The second clause in paragraph (b) is the residual clause. At the time of Mr. Rudolph's guilty plea, the residual clause was recognized as perfectly legitimate basis for concluding the underlying predicate felony of 18 USC 844(i). This qualified as a crime of violence to support his 924(c) life sentence in Count Two. That is no longer the case today. The Supreme Court has made clear that the ineffably ambiguous residual clause is unconstitutionally vague. That leaves the elements clause of 924(c) as the only remaining basis for classifying the underlying predicate of 844(i) as a violent crime, or serious violent felony under 924(c).

### CATEGORICAL APPROACH

Since the residual clause of 18 USC 924(c) has been rendered unconstitutionally vague and is retroactive to cases on collateral

review pursuant to Davis, the court must use the categorical approach to determine if 18 USC 844(i) in Count ONE has any statutory elements to convict that match the intact elements of 18 USC 924(c)(3)(A)'s elements clause, and, if so, the court is then to use the categorical approach to determine if 924(c) - 844(i) predicate can be committed without violence. See Taylor v. U.S., 495 U.S. 575 1990. Under the categorical approach, the court is to weigh and consider only the most benign form of behavior that could possibly violate the statute to determine if it qualifies as a crime of violence. See Johnson v. U.S. 559 U.S. 133, 137 2010 (Johnson I), ("In making a categorical analysis, a court must rest its conclusion upon nothing more than the least of the acts criminalized, and then determine whether or if these acts are encompassed by the elements clause of 924(c) and thus the statute mandates utilizing the categorical approach. See Davis at 2327-33. In making that comparison, one must interpret the phrase "physical force" in the element clause in the

same way as Justice Scalia's opinion as the court in <u>Johnson I</u> "violent force" that is force capable of causing physical pain or injury to another person, ID at 140.

    18 USC 844(i) as charged in Count One in violation of 18 USC 924(c) in Count Two no longer qualifies as a violent crime under the categorical approach in light of <u>Davis</u>.

Count ONE of the indictment charges Mr. Rudolph with malicious damage to property with an explosive device resulting in death. The specific facts of Mr. Rudolph's conduct which he pleaded guilty to has no legal bearing under the categorical approach. It's the statutory language when compared to the least plausible criminal conduct that any person charged under 844(i) could be convicted of to determine if that conduct rises to violent force that is force capable of causing physical pain or injury; and to see if the statutory language of 18 USC 924(c) and 844(i) tracks the element

-7-

clause language of 924(c).

844(i) prohibits malicious damage by means of fire or explosives to any building, vehicle or other property, perhaps suggesting that the damaged property could be his own. That exact textual difference led the 10th Cir. to conclude that 844(i) is not a predicate of a crime of violence under 924(c)(3)(A) elements clause. See: U.S. v Salas, 889 F.3rd 681, 684 (10th Cir. 2018). See also: 2020 U.S. Appeals Lexus 3479, U.S. v. Moore, 10th Dist 2-5-20. Moore's conviction under 924(c) was vacated based on 844(i) and the government agreed that he should be resentenced under the 844(i) predicate. See: 2019 U.S. District Lexus 16093 U.S. v. Vance, 4th Dist. Ct. (9-17-19). Vance's conviction for use of a destructive device to commit a felony in violation of 18 USC 924(c) must be vacated. See: Evey 2010 NL 6133407 6-7 C.D. Cal 2018. The court held 844(i) may apply to someone who destroys his own property. See Hammond v. U.S. 2019 U.S. Dist Lexus 180684 4th Cir.). Use of a

-8-

destructive device in furtherance of a crime of violence in violation of 18 USC 924(c). The parties agreed that the court should vacate his conviction and sentence to time served.

Mr. Rudolph's 924(c) life sentence must be vacated in Count TWO, and the court should reconsider the new 3553(a) factors the court under the sentence package doctrine in equity should resentence Mr. Rudolph on Count One to time served.

Respectfully Submitted,

*Eric Rudolph*
Eric Rudolph
18282-058
U.S. PEN MAX
P.O. Box 8500
Florence, CO
81226-8500

Dated: 6-16-20

---

① Davis has also allowed Mr. Rudolph to challenge his 844(i) and 924(c) sentences in Counts ONE, TWO, FIVE, Seven, TEN, Eleven, and TWELVE in the Northern District of Georgia: Case: 1:00-cr-805-1-CAP in a separate 2255.

-9-

<u>Certificate of Service</u>

I, hereby certify that I have served a true copy of this 28 USC 2255 motion 1st class postage pre-paid to the U.S. Attorney office, 1801 Fourth Ave., North, Birmingham, Alabama 35203.

I, Eric Rudolph, also invoke the prison mail box rule in Houston v. Lack, 487 U.S. 266 (1988), that holds that a pro-se filing is deemed filed the day it is handed to prison staff for legal mailing. Pursuant to 28 USC 1746, I swear under penalty of perjury that I gave this to ADX counselor Holbrook 6-18-'20.

Eric Rudolph
Eric Rudolph

Dated: 6-17-'20

ERIC RUDOLPH
18282-058
U.S. Penitentiary Max.
P.O. Box 8500
Florence, CO 81226-8500

**SECU**

JUN 22 2020

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
35203-203799

Legal
Mail

CLERK OF COURT
UNITED STATES COURT
1729 FIFTH AVENUE N
ROOM 140
BIRMINGHAM, AL
35203-200